WILLIAM R. TAMAYO, #084965(CA)
JONATHAN T. PECK, #12303 (VA)
CINDY O'HARA, #114555 (CA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105
Telephone: (415) 625-5622
Facsimile : (415) 625-5657

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | Case No. 2:07-CV-02005-JAM-JFM |
| Plaintiff, | |
| and | CONSENT DECREE |
| **LUCIANO CORTEZ,** | |
| Plaintiff/Intervenor, | |
| v. | |
| **SIERRA PACIFIC INDUSTRIES,** | |
| Defendant. | |

Plaintiff Equal Employment Opportunity Commission ("Commission") filed this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of religion and retaliation, and to provide appropriate relief to Luciano Cortez whom the Commission alleged was adversely affected by such practices.  The Commission alleged that Defendant Sierra Pacific Industries ("Sierra Pacific") subjected Mr. Cortez to discrimination based on his religion and retaliation, in violation of Title VII, in that it failed to accommodate his religious beliefs and practices and instead discharged him because of his religion and/or in retaliation for his request for accommodation.   Defendant  has denied the Commission's allegations and claims.  The Commission and Defendant Sierra Pacific now seek to resolve this action as to each other and as

1 between Sierra Pacific and Luciano Cortez ("Charging Party") without further contested
2 litigation through the instant Consent Decree. This resolution does not constitute an admission
3 of liability on the part of Sierra Pacific, nor constitute a finding on the allegations stated in the
4 Commission's Complaint.

5       The Court has reviewed this Consent Decree in light of the pleadings, the record herein,
6 and the applicable law, and now approves this Consent Decree.

7       THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

8 **GENERAL PROVISIONS**

9       1.   This Court has jurisdiction over the subject matter and the parties to this action.
10 This Court retains jurisdiction over this Consent Decree during its term.

11       2.   This Consent Decree constitutes a full and final resolution of the Commission's
12 claims against Sierra Pacific in this action.

13       3.   This Consent Decree will become effective upon its entry by the Court.

14       4.   This Consent Decree is final and binding upon the parties to it, their successors
15 and assigns.

16       5.   The Commission and Sierra Pacific will each bear its own costs and attorneys
17 fees in this action.

18 **GENERAL INJUNCTIVE RELIEF**

19       6.   Sierra Pacific and its current officers, agents, employees, and all persons in active
20 concert or participation with them are enjoined to comply with all requirements of Title VII with
21 respect to providing a work environment free from discrimination, including discrimination
22 based on religion, and are enjoined from failing to provide reasonable accommodation to
23 employees who request accommodation of their religious beliefs and practices, and from
24 retaliating against employees who make such requests.

25       7.   Sierra Pacific and its current officers, agents, employees, and all persons in active
26 concert or participation with them are enjoined from retaliating against the Charging Party, or
27 any other employee or former employee, for having testified or participated in any manner in the
28 Commission's investigation and the proceedings in this case.

**SPECIAL INJUNCTIVE RELIEF**

**Training**

8.  Sierra Pacific will use an outside consultant, paid for by Sierra Pacific, to provide equal employment opportunity training to all plant managers and all human resources and personnel and benefits managers, specifically on the subjects of accommodation of religious beliefs and practices, anti-retaliation, and other forms of discrimination. Said training shall be held once per year during the term of this Consent Decree, such year to be measured from the entry of the Consent Decree in this matter, and shall be no less than two hours duration per session. Said training will include discussion of an employer's obligation to accommodate the religious beliefs and practices of its employees, an exploration of various forms of accommodation, and how to handle an employee's request for accommodation. Sierra Pacific agrees to provide the name of the entity or person selected to do the training, a description of the content of each training program, and a copy of any materials to be used during the training to counsel for the EEOC no later than twenty (20) days before the training programs are scheduled to be held. If the Commission has not objected to the entity or person selected to conduct the training or the description of the content of the training or the training materials within ten (10) days of the above notice, such non-response shall be deemed an acknowledgment that the EEOC does not object to them. The EEOC agrees not to unreasonably object.

**Record Keeping and Reports**

9.  Within thirty (30) days after completing each training session described in paragraph 8, Sierra Pacific will mail to counsel for the Commission a report containing the date(s) of the training and a list of all attendees.

10.  Once every six (6) months, to be measured beginning at the date of entry of the Consent Decree in this matter, and continuing for the duration of this Consent Decree, Sierra Pacific will notify counsel for the Commission whether it has received any requests for religious accommodation, what steps were taken in response to the request(s), and how each request was resolved.

//

1  **Reinstatement**

2  11.  Sierra Pacific will reinstate Charging Party to a "Clean-Up/Relief 2" position at
3  the rate of $16.98 per hour, with a schedule of Monday through Friday, day shift, or any equal or
4  better position with Sierra Pacific maintaining his original seniority date, with no loss of
5  seniority or benefits, and accommodate his religious practice of refraining from secular work
6  from sundown Friday to sundown Saturday.  Sierra Pacific reserves the right to change the
7  schedule for Charging Party as operations change or efficiency warrants, but such schedule
8  change will continue to accommodate his religious observance.

9  **MONETARY RELIEF**

10  12.  Sierra Pacific will pay the total sum of $110,000.00 to Charging Party Luciano
11  Cortez as damages in satisfaction of the Commission's claims against Sierra Pacific as set forth
12  in its Complaint.  This sum shall be paid by Sierra Pacific as follows:

13  (a)  $10,000.00 was paid to Luciano Cortez on or before Friday, December 12, 2008,
14  in the form of a Cashier's Check made payable to Luciano Cortez.  Sierra Pacific
15  has provided a photocopy of such Cashier's Check to counsel for the
16  Commission, Cindy O'Hara, and counsel for Mr. Cortez, Alan Reinach.  Sierra
17  Pacific will issue an Internal Revenue Form 1099 to Mr. Cortez for this sum.

18  (b)  $45,000.00 shall be paid to Luciano Cortez on or before December 31, 2008, in
19  the form of a check made payable to Luciano Cortez and Alan Reinach and sent
20  to Alan Reinach.  Sierra Pacific shall send a photocopy in the same manner as set
21  forth in Section (a).   Sierra Pacific will issue an Internal Revenue Form 1099 to
22  Mr. Cortez for this sum.

23  (c)  $33,000.00  shall be paid to Luciano Cortez in the form of a check made payable
24  to Luciano Cortez and Alan Reinach and sent to Alan Reinach, and $22,000.00
25  shall be paid to Luciano Cortez in the form of a payroll check with statutory
26  deductions made payable to Luciano Cortez, on or before January 15, 2009.
27  Sierra Pacific shall send a photocopy in the same manner as set forth in Section
28  (a).  Sierra Pacific will issue an Internal Revenue Form 1099 to Mr. Cortez for

1  the $33,000.00.  Sierra Pacific will further issue a W-2 to Mr. Cortez for the
2  $22,000.00.

## EXPIRATION OF CONSENT DECREE

13. This Consent Decree will be in effect for three (3) years, and will expire at midnight on the date three years from its entry by the Court, provided that Sierra Pacific has substantially complied with the terms of this Consent Decree.  Sierra Pacific will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that Sierra Pacific has failed to comply with any of the terms of this Decree.

**E-filing concurrence:**   I, Cindy O'Hara, attorney for Plaintiff Commission, attest that I have obtained the concurrence of Shelley Addison, attorney for Sierra Pacific Industries, for the lodging of this Consent Decree.

On Behalf of Plaintiff Commission:               On Behalf of Defendant:

Dated:  December 22, 2008                        Dated:  December 22, 2008

EQUAL EMPLOYMENT OPPORTUNITY                     DUN & MARTINEK
COMMISSION

_____/S/_____                  _____/S/_____
WILLIAM R. TAMAYO                                SHELLEY ADDISON
Regional Attorney                                Attorneys for Defendant Sierra Pacific
                                                 Industries
_____/S/_____
DAVID OFFEN-BROWN
Supervisory Trial Attorney

_____/S/_____
CINDY O'HARA
Senior Trial Attorney

## ORDER

IT IS SO ORDERED.

Dated: December 24, 2008                         /s/ John A. Mendez
                                                 U.S. District Court Judge